IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| Brandon Lee Bjornstad, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING MOTION TO** |
| | ) | **VACATE, SET ASIDE, OR** |
| vs. | ) | **CORRECT SENTENCE** |
| | ) | |
| United States of America, | ) | Case No. 3:20-cv-00211 |
| | ) | |
| Respondent. | ) | |

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Brandon Lee Bjornstad, | ) | Case No. 3:17-cr-00210 |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is Defendant Brandon Lee Bjornstad's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed on November 12, 2020. Doc. No. 76. The Government responded in opposition to the motion on March 9, 2021. Doc. No. 82. For the reasons below, the motion is denied.

I.      BACKGROUND

Through various Internet applications, Bjornstad induced hundreds of children to engage in sexually explicit conduct. Doc. No. 56, ¶ 132. He surreptitiously recorded the acts and then shared the videos and images with participants in online chatrooms. Id. ¶ 5. Many times, he sent the media to children in efforts to receive reciprocal sexual content from them. Id. ¶ 4.

In May 2017, law enforcement executed a search warrant at Bjornstad's residence in Neche, North Dakota. Id. ¶ 6. The search yielded cellphones, computer devices, and a notebook

with screennames and passwords. Id. ¶ 7. A forensic evaluation of the devices revealed thousands of videos and images of child pornography, much of it self-produced. Id.

The investigation culminated in an 18-count Second Superseding Indictment. Doc. No. 36. Counts 1-8 and 18 charged sexual exploitation of minors, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); Count 9 charged extortion, in violation of 18 U.S.C. § 875(d); Count 10 charged receipt and distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A)[1] and 2252A(b)(1); and Counts 11-17 charged possession of materials containing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Id. Pursuant to a plea agreement, Bjornstad pleaded guilty to all 18 offenses. Doc. No. 48.

The presentence investigation report ("PSIR") delineated the offenses into 12 count groups for purposes of calculating the advisory sentencing guidelines range. See USSG § 3D1.1(a)(1). After factoring in enhancements, applying the multiple count adjustment, and accounting for acceptance of responsibility, the PSIR arrived at a total offense level of 48. Doc. No. 56, ¶¶ 127, 129, 130. The PSIR therefore treated the total offense level as 43—the highest possible. Id. ¶ 131. With Bjornstad designated in criminal history category II, the guidelines called for a sentence of life imprisonment. Id. ¶ 158. Yet the most serious offense, sexual exploitation of minors, carried a 30-year statutory maximum, taking an outright life sentence off the table. See id.

At sentencing, the Court characterized Bjornstad's crimes as "egregious" and "reprehensible," remarking that his predatory conduct against children "isn't fathomable or acceptable in our society." Doc. No. 79, p. 50. Upon considering the statutory sentencing factors,

---

[1] The caption for Count 10 mislabeled the charge as "Receipt and Distribution of <u>Materials Containing</u> Child Pornography," a distinct offense codified at 18 U.S.C. § 2252A(a)(2)(B). Doc. No. 36, p. 10 (emphasis added). Nonetheless, the actual language of the charge made clear that Bjornstad "knowingly received and distributed child pornography" and correspondingly identified 18 U.S.C. § 2252A(a)(2)(A) as the offense statute. Id.

the Court expressed an intent to impose consecutive sentences to effectuate the recommended term of life imprisonment. Id. at 52; see 18 U.S.C. § 3584(a); USSG § 5G1.2(d). Accordingly, the Court imposed consecutive 30-year sentences on Counts 1 and 2, as well as concurrent sentences at the statutory maximums on all remaining counts. Doc. No. 74. The Court entered judgment on November 14, 2019. Id.

Bjornstad did not pursue a direct appeal. The judgment became final after the window to appeal lapsed on November 28, 2019. Bjornstad timely submitted his 28 U.S.C. § 2255 motion on November 12, 2020. Doc. No. 76.

## II.    LEGAL STANDARD

A motion under 28 U.S.C. § 2255 affords relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)). An evidentiary hearing is required unless the allegations in the motion are inherently incredible, contradicted by the record, merely conclusory, or would not entitle the petitioner to relief even if true. Roundtree v. United States, 751 F.3d 923, 926-27 (8th Cir. 2014). The movant bears the burden to demonstrate an entitlement to relief. Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019).

Bjornstad bases his § 2255 motion on several claimed violations of his Sixth Amendment right to effective assistance of counsel. To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a petitioner must establish constitutionally deficient

representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid the effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006).

Where a petitioner raises multiple ineffective assistance of counsel claims, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th

Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)).  Cumulative error will not justify habeas relief.  Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

### III.    DISCUSSION

Bjornstad attacks his attorney's performance from two angles.  First, he contends that his counsel should have sought dismissal of the sexual exploitation of minors offenses due to insufficient evidence.  Second, he faults his counsel for failing to object to the sentencing guidelines calculation.  The Court addresses each in turn.

#### A.    Sexual Exploitation of Minors Offenses

Bjornstad initially asserts that his attorney should have moved to dismiss the 18 U.S.C. § 2251(a) charges for insufficient evidence on the jurisdictional element.  As relevant here, a conviction for sexual exploitation of minors mandates proof that the child pornography "was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce."  18 U.S.C. § 2251(a); see Doc. No. 36.

In Bjornstad's view, the § 2251(a) charges warranted dismissal because the Government never proved that he knew the materials used to produce the exploitative videos and images had traveled in or affected interstate commerce.  But the statute's pertinent jurisdictional clause in no way requires proof of knowledge.  The Government instead need only prove that the medium used to produce the illicit content "crossed state lines."  United States v. Fadl, 498 F.3d 862, 866 (8th Cir. 2007).  Indeed, without so much as mentioning the defendant's knowledge, the Eighth Circuit Court of Appeals upheld a § 2251(a) conviction where a memory card and paper used for printed photographs had been manufactured outside the offense state.  United States v. McCloud, 590 F.3d 560, 569-70 (8th Cir. 2008); see also United States v. Pliego, 578 F.3d 938, 941-42 (8th Cir. 2009) (affirming § 2251(a) conviction where defendant used videotape manufactured out of state).

5

Bjornstad does not dispute that the materials he used to produce child pornography traveled in interstate or foreign commerce.  As a result, a challenge to the evidentiary sufficiency of the jurisdictional element predicated on lack of knowledge would have faltered.

Relatedly, Bjornstad contends that the Government failed to specify which materials he used to produce child pornography or the materials' nexus to interstate commerce.[2]  Not so.  The forfeiture allegation Bjornstad admitted to identified four cellphones, three laptops, 31 DVDs, and 3 CD-Rs seized from his residence as containing "visual depictions produced, transported, shipped, and received in violation" of § 2251(a).  Doc. No. 36, p. 21; see also Doc. Nos. 49, 73.  And at the change of plea hearing, the Court necessarily found that those materials had traveled in interstate commerce to establish factual bases for Bjornstad's guilty pleas.  See Doc. No. 48.  Thus, Bjornstad cannot demonstrate either deficient performance or prejudice from his attorney's decision to forgo meritless challenges to the sexual exploitation of minors offenses.

    **B.**    **Sentencing Guidelines Calculation**

Bjornstad separately maintains that his counsel should have objected to the sentencing guidelines calculation for two reasons.  First, he believes that two-level enhancements for child pornography depicting "the commission of a sexual act or sexual contact" improperly applied to all but one of the sexual exploitation of minors offenses.  See USSG § 2G2.1(b)(2)(A).  Second,

---

[2] The Government construes this argument as an attack on the facial validity of the charging document.  When read in context, though, Bjornstad asserts that "the Government never mentions" in its sentencing memorandum "what materials or the origins of the materials that were used to produce the depictions that Petitioner received."  Doc. No. 76, p. 11.  Although somewhat unclear, this averment appears to contest sufficiency of the evidence on grounds apart from lack of knowledge.  The Court will analyze the issue accordingly but also notes agreement that the Second Superseding Indictment adequately stated offenses under § 2251(a).  See United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993) ("An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.").

he thinks the lone distribution of child pornography offense (Count 10) should have been grouped with the production charges (Counts 1-8 and 18) rather than the possession charges (Counts 11-17).  See USSG § 3D1.2(c).  Even assuming those objections had merit, however, Bjornstad cannot establish prejudice.  See DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (citing United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)) ("If the defendant cannot prove prejudice, [a court] need not address whether counsel's performance was deficient.").

Prejudice in the sentencing context requires a petitioner to demonstrate a reasonable probability that he "would have received a shorter sentence if counsel had not been ineffective." United States v. Parrott, 906 F.3d 717, 720 (8th Cir. 2018) (per curiam) (citing Winfield v. Roper, 460 F.3d 1026, 1033 (8th Cir. 2006)).  Removing the USSG § 2G2.1(b)(2)(A) enhancements causes a two-level decrease to the adjusted offense levels for Count Groups 1, 2A, 2B, 4, 5, 6, 7A, 7B, 8, and 9.  Meanwhile, shifting the distribution offense to the production groups reduces Count Group 10's adjusted offense level to 36 for the remaining possession charges.  Applying the multiple-count calculation rules in USSG § 3D1.4 generates the following outcome:

| Count Group | Adjusted Offense Level | Units |
| --- | --- | --- |
| Count Group 1 | 36 | 0.5 |
| Count Group 2A | 42 | 1.0 |
| Count Group 2B | 42 | 1.0 |
| Count Group 3 | 34 | 0.5 |
| Count Group 4 | 36 | 0.5 |
| Count Group 5 | 36 | 0.5 |
| Count Group 6 | 34 | 0.5 |
| Count Group 7A | 36 | 0.5 |
| Count Group 7B | 38 | 1.0 |
| Count Group 8 | 38 | 1.0 |
| Count Group 9 | 38 | 1.0 |
| Count Group 10 | 36 | 0.5 |

**Total Number of Units:** 8.5

With 8.5 Units, the guidelines direct a five-level enhancement to the group with the highest adjusted offense level—here, Count Groups 2A and 2B tie for the highest at 42. See USSG § 3D1.4. The combined adjusted offense level then becomes 47. After subtracting three levels for acceptance of responsibility, the total offense level rests at 44.

In sum, even if the Court had removed the USSG § 2G2.1(b)(2)(A) enhancements and grouped the distribution offense with the production offenses, the total offense level still exceeds the practical maximum of 43. The recommended sentence would have therefore remained unaltered at life imprisonment. Weighing all the sentencing factors under 18 U.S.C. § 3553(a), the Court would have imposed the same combined 60-year sentence. Bjornstad's abhorrent crimes deserve nothing less.

The record decisively refutes Bjornstad's ineffective assistance counsel claims. As such, dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

## IV.  CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Bjornstad's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 76) is **DENIED**. This matter is hereby **DISMISSED WITH PREJUDICE** and without an evidentiary hearing. The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson,

122 F.3d 518, 520-22 (8th Cir. 1997).  If Bjornstad desires further review of his motion, he may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 11th day of May, 2021.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court